NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLINTON SPROLES,

                 Petitioner-Appellant,

    v.

JIM SALMONSEN; ATTORNEY
GENERAL FOR THE STATE OF
MONTANA,

                 Respondents-Appellees.

No. 23-35338

D.C. No. 2:22-cv-00018-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Montana state prisoner Clinton Sproles appeals pro se from the denial of his

28 U.S.C. § 2254 habeas petition challenging his 25-year sentence under

Montana's persistent felony offender ("PFO") statute. We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 2253. We review the district court's decision to deny habeas relief de novo, *see Fox v. Johnson*, 832 F.3d 978, 985 (9th Cir. 2016), and we affirm.

Sproles contends that his appellate counsel was ineffective because he failed to challenge the timeliness of the state's notice of its intent to seek Sproles's designation as a PFO. However, the record shows that counsel researched the issue and explained to Sproles why a claim regarding the timeliness of the PFO notice lacked merit. Given the governing caselaw interpreting the applicable PFO statute, counsel's decision to forego that claim and raise one that presented a novel legal issue was neither deficient nor prejudicial.[1] *See Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) ("[T]he weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.").

**AFFIRMED.**

---

[1] We need not determine whether to apply deference under the Antiterrorism and Effective Death Penalty Act, *see* 28 U.S.C. § 2254(d), to the Second Judicial District Court's resolution of this claim because we agree with the federal district court that the claim fails even under de novo review. *See Fox*, 832 F.3d at 986.

23-35338